# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AJAX MORTGAGE LOAN TRUST 2019-G, MORTGAGE BACKED SECURITIES SERIES 2019-G, BY U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE,

    Plaintiff,

    v.

DOUGLAS R. COUDEN and MEGAN L. COUDEN,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N22L-04-063 SPL

Submitted: September 26, 2023
Decided: November 30, 2023

*Order on Plaintiff's Motion for Summary Judgment*
**GRANTED**

## ORDER

This 30th day of November 2023, upon consideration of Plaintiff Ajax Mortgage Loan Trust's ("Ajax") Motion for Summary Judgment[1] and Defendants Douglas R. Couden's and Megan L. Couden's ("the Coudens") responses thereto,[2] it appears to the Court that:

---

[1] D.I. 11.

[2] D.I. 19.

1

1.     On June 28, 2007, the Coudens executed a mortgage on the property known as 118 Bartley Drive, Newark, Delaware 19702 (Tax Parcel No. 11-016.40-018).[3] The mortgage and note, originally held by Chase Bank, following a series of transfers are, as of May 14, 2020, held by Ajax.[4]

2.     The Coudens negotiated modifications to the loan agreement to include "unpaid interest [in] the principal balance of the loan and [to set] a new payment on the combined amounts."[5] The Coudens defaulted on their obligation by failing to pay monthly installments when due.

3.     On April 26, 2022, Ajax filed a *scire facias sur* mortgage complaint against the Coudens seeking judgment on the mortgage.[6]

4.     On May 23, 2022, the Coudens answered Ajax's complaint asserting that they "have no knowledge of Petitioner Ajax Mortgage Loan Trust."[7]

5.     Mortgage Mediation failed.[8] In the September 11, 2022, Final Mediation Record, the mediator noted that the Coudens failed to submit materials in accordance with the mediation schedule and, as a result, the Coudens "will not stay

---

[3] Compl. (D.I. 1) at ¶ 5.

[4] *Id.*; Ex. F to Compl.; Amend. Exh. B to Mot. Summ. J. (D.I. 24).

[5] Compl. at ¶ 8.

[6] Compl. at 3.

[7] D.I. 7.

[8] Final Mediation Record (D.I. 10).

in home because foreclosure will proceed."[9]

6.      On September 21, 2022, Ajax moved for summary judgment asserting that "[t]here is no triable issue as to any material fact in this case because there is ample evidence to show that a debt secured by a mortgage existed between [Ajax] and [the Coudens] and, by not performing, [the Coudens are] in breach of the terms of the mortgage."[10] Further, Ajax contends that the Coudens "have not demonstrated any good-faith dispute of the allegations set forth in the complaint[, and] . . . have not pled any of the allowable defenses to a scire facias action[,] and [have] not offered any allowable justification for the failure to pay the unpaid balance owed to [Ajax]."[11]

7.      The Court directed the Coudens to respond to Ajax's Motion for Summary Judgment by November 4, 2022.[12] At the Couden's request, the Court extended their response deadline to December 19, 2022.[13] And, when the Coudens' requested more time to retain counsel, the Court extended their deadline to respond to January 31, 2023.[14] The Coudens chose not to retain counsel and, on February 1,

---

[9] *Id.*

[10] Mot. Summ. J. (D.I. 11) at ¶ 17.

[11] *Id.* at ¶ 18.

[12] D.I. 12.

[13] D.I. 15.

[14] D.I. 18.

3

2023, the Court docketed the Couden's January 31, 2023 response to the Motion for Summary Judgment.[15]

8.    In their response, the Coudens argued that they were unaware of Ajax's acquisition of their mortgage and note.[16]  Further, they asserted that their mortgage "disappeared" and that they "were advised it had been paid off."[17]  Ultimately, they posited that they "never heard or had knowledge of [Ajax] or their claims."[18]

9.    On August 11, 2023, the Court heard argument on the Motion for Summary Judgment.[19]  At the conclusion of the hearing, the Court invited the Coudens to submit any additional documentation by September 15, 2023, and permitted Ajax to respond by September 29, 2023.[20]

10.    The Coudens submitted a supplemental letter and documents in opposition to Ajax's Motion for Summary Judgment.[21]  The Coudens acknowledge that "clarification has been obtained," they recognize their financial obligation, and they now seek to negotiate with Ajax.[22]  At no time during these proceedings have

---

[15] D.I. 19.

[16] Resp. Mot. Summ. J. (D.I. 19) at ¶¶ 2, 3.

[17] *Id.* at ¶ 5.

[18] *Id.* at ¶ 10.

[19] D.I. 25.

[20] *Id.*

[21] D.I. 26.

[22] D.I. 26 at 2.

4

the Coudens asserted that they made any payments on the mortgage; their nonpayment is not in dispute.

11.     Ajax replied, arguing that "[j]udgment should be awarded in [Ajax's] favor given the evidence shown and the lack of evidence provided by [the Coudens] as there is no material issue of fact left in dispute."[23]   Ajax also noted that the Coudens are "certainly free to pursue loss mitigation options with [Ajax], and an application has been provided to them to begin that process."[24]

12.     Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25] The moving party bears the initial burden of demonstrating that the undisputed facts support claims or defenses.[26]  If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[27]  Ajax has satisfied its burden and is

---

[23] D.I. 27 at 3.

[24] *Id.*

[25] Super. Ct. Civ. R. 56(c).

[26] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole v. Lowengrub*, 180 A.2d 467 (Del. Super. Ct. 1962)).

[27] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

entitled to summary judgment as a matter of law.

13.  Title 10, Section 5061 of the Delaware Code provides:

[U]pon breach of the condition of a mortgage of real estate by nonpayment of the mortgage money or nonperformance of the condition stipulated in such mortgage at the time and in the manner therein provided the mortgagee, the mortgagee's heirs, executors, administrators, successors or assigns may, at any time after the last day whereon the mortgage money ought to have been paid or other conditions performed, sue out of the Superior Court of the county wherein the mortgage premises are situated a writ of scire facias upon such mortgage directed to the sheriff of the county commanding the sheriff to make known to the mortgagor, and those persons described in subsection (b) of this section and such mortgagor's heirs, executors, administrators or successors that the mortgagor or they appear before the Court to show cause, if there is any, why the mortgaged premises ought not to be seized and taken in execution for payment of the mortgage money with interest or to satisfy the damages which the plaintiff in such scire facias shall, upon the record, suggest for the nonperformance of the conditions.[28]

14.  The Coudens offer no defense to Ajax's pursuit of the remedies available under the statute.  Rather, they acknowledge the existence of their obligation and concede nonpayment.

15.  The Coudens have chosen to represent themselves in this proceeding. The Court is mindful of the challenges faced by self-represented litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate

---

[28] 10 *Del. C.* § 5061(a).

the unrepresented plaintiff"[29] or impair "the substantive rights of those parties involved in the case at bar."[30]  The Court granted the Coudens' requests for more time to respond Ajax's motion, additional time to seek counsel, and additional time to supplement their answer.  When afforded the opportunity to engage in mortgage mediation, the Coudens nominally participated and, importantly, failed to provide documents to assist in that process.  Not until pressed by the Court during the August 2023 hearing on Ajax's motion did the Coudens independently investigate their obligation and determine that, in fact, their obligation remained.  The Court has endeavored to afford the Coudens every opportunity to investigate and defend this action.  No defense is offered, and no material fact is in dispute.

For the foregoing reasons, there exists no genuine issue of material fact and Ajax's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

---

[29] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 15, 2015) (quoting *Draper*, 767 A.2d at 799); *see also Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[30] *Alston v. State,* 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).